IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00344-GPG

BYRON TYROME TODD,

    Plaintiff,

v.

USA,
U.S. PERSON(S), and
THE WORLD BANK,

    Defendants.

---

ORDER

---

    This matter is before the Court on the Letter, ECF No. 5, Plaintiff submitted to the Court on March 2, 2015. In the Letter, Plaintiff asserts that he is in imminent danger and asks that the Court expedite his transfer to another holding facility and issue a "no contact" order. Plaintiff contends that he was raped on or around "February 29th" and that he has not been treated for his injuries.

    The Court must construe the Letter liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    The Court construes the Letter as a Motion for a Temporary Restraining Order. For the reasons stated below, the Motion will be denied. The Federal Rules of Civil Procedure provide as follows with respect to issuance of a temporary restraining order:

        The court may issue a temporary restraining order without

>     written or oral notice to the adverse party or its attorney only
>     if:  (A) specific facts in an affidavit or a verified complaint
>     clearly show that immediate and irreparable injury, loss, or
>     damage will result to the movant before the adverse party
>     can be heard in opposition; and (B) the movant's attorney
>     certifies in writing any efforts made to give notice and the
>     reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court finds that Plaintiff is not entitled to issuance of a temporary restraining order. Plaintiff names as defendants, USA, U.S. Person(s), and The World Bank, but he fails to state a claim against any specific person regarding their involvement in the alleged rape in either the Complaint or the Motion or that they are responsible for his transfer to another holding facility. The Motion, therefore, will be denied because Plaintiff's claims lack the specificity necessary to support his immediate danger claim. Accordingly, it is

ORDERED that the Letter, ECF No. 5, filed on March 2, 2015, is construed as a Motion for a Temporary Restraining Order and is denied.

DATED at Denver, Colorado, this  4th  day of    March       , 2015.

                              BY THE COURT:

                                s/Lewis T. Babcock
                              LEWIS T. BABCOCK, Senior Judge
                              United States District Court