IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00344-GPG

**BYRON TYROME TODD**,

    Plaintiff,

v.

**USA**,
**U.S. PERSON(S)**, and
**THE WORLD BANK**,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff Byron Tyrome Todd currently is detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Plaintiff has filed a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 pursuant to the Court's order to cure deficiencies.

    In an Order dated March 3, 2015, Magistrate Judge Gordon Gallagher ordered Plaintiff to file a proper complaint on court-approved forms. On March 16, 2015, Plaintiff filed a "Writ for Sanctions for Non-Compliance" and attached many exhibits, including a document that purported to be a complaint. On April 8, 2015, Judge Gallagher ordered Plaintiff to file a complaint that complied with the appropriate standards (ECF No. 12). Plaintiff filed an Amended Complaint on April 30, 2015. This Complaint is not in compliance with the Court's directives as set forth in its April 8, 2015 Order (ECF No. 12).

The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file a Second Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

**Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.** *New Home Appliance Ctr., Inc., v. Thompson*,

250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

**In order to state a claim in federal court, Mr. Todd "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."** *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007)**.  Plaintiff does no name any individual defendant in the current action.  Instead, he names the USA, US Persons and the World Bank.  This is not sufficient.**

Plaintiff must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  The Court does not require a long, chronological recitation of facts.  Nor should the Court or defendants be required to sift through plaintiff's allegations to locate the heart of each claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court has reviewed the Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff lists a number of federal

statutes as the jurisdiction for his claims. Due to the vagueness of the claims, however, Plaintiff fails to assert any factual basis that falls within the purview of these statutes. Plaintiff also appears to base his copyright/trademark infringement and breach of contract claims on the conditions of his confinement, which Plaintiff further contends violate his Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff's claims are nonsensical and do not state the proper statutory authority for his claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff one more opportunity to cure the deficiencies in the Complaint by submitting a Second Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

**Plaintiff is required to assert personal participation by properly named individual defendants in the alleged constitutional violation.** *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action

harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit, (the proper jurisdiction to address constitutional violation claims), against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file a Second Amended Complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Second Amended Complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED May 1, 2015, at Denver, Colorado.

                                              BY THE COURT:

                                              /s Gordon P. Gallagher
                                              United States Magistrate Judge