IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00344-GPG

**BYRON TYROME TODD**,

    Plaintiff,

v.

**USA**, in corporate capacity;
**U.S. PERSON(S)**, named herein a John Does in corporate capacity; and
**THE WORLD BANK**, capacity as USA alter ego,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff Byron Tyrome Todd currently is detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. On February 18, 2015, Plaintiff filed a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Complaint encompassed forty-four pages and named as Defendants "United States," "U.S. Persons," and "the World Bank." Because the Complaint was incomprehensible, on March 3, 2015, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to file an amended complaint (ECF No. 9). That Order consisted of five pages that clearly informed Plaintiff of the deficiencies in his complaint and how to cure them. On March 16, 2015, Plaintiff filed a "Writ for Sanctions for Non-Compliance" and attached many exhibits, including a document that purported to be a complaint (ECF No. 11). Because that document did not comply with the directives of Judge Gallagher's earlier Order, on April 8,2015, Judge Gallagher again ordered

Plaintiff to file a complaint that complied with the appropriate standards (ECF No. 12). Plaintiff filed an Amended Complaint on April 30, 2015 (ECF No. 13).

Plaintiff's Second Amended Complaint (ECF No. 13) did not cure the deficiencies specifically noted in the Court's two prior orders. In a final effort, Judge Gallagher issued a third Order for Plaintiff to file a complaint that complied with the appropriate standards (ECF No. 14). Plaintiff filed a Second Amended Complaint on May 26, 2015 (ECF No. 15).

The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the operative complaint is deficient. For the reasons stated below, this action will be dismissed as Plaintiff has been given three opportunities to file a proper complaint and has failed to do so.

Although a *pro se* litigant's pleadings are entitled to a liberal construction, the litigant is still required to follow the rules of civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). This Court will not craft legal theories or construct factual allegations to support a *pro se* litigant's complaint. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371-72 (10th Cir. 1989).

Under Fed. R. Civ. P. 8(a)(2), a complaint "must contain ... a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." "The purpose of a modern complaint is to give opposing parties fair notice of the basis of the claim against

them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are true, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc., v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quotations omitted).

The operative complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the second amended complaint recites an array of statutory and common-law causes of action with little, if any, connection to the factual allegations. The allegations themselves are fanciful and delusional. Indeed, the factual allegations themselves are so confusing and disjointed so as to render the legal claims incomprehensible. The Court should not be the pro se litigant's advocate; nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Despite the relaxed pleading standard, a *pro se* plaintiff retains "the burden of alleging sufficient facts on which a recognizable legal claim could be based." *Hall*, 935 F.2d at 1110. In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Because even a liberal reading of Plaintiffs' complaint does not bring it within the ambit of Rule 8(a)(2), and because the Court has provided Plaintiff with three opportunities to file a proper complaint and he has failed to do so, the court must dismiss this action. *Accord Whitehead v. Shafer,* 295 F. App'x 906, 907-908 (10th Cir. 2008). Accordingly, it is

**ORDERED** that the Second Amended Complaint (ECF No. 15) and this action

are **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's previous Orders and for failure to that comply with Fed. R. Civ. P. 8. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  18th  day of June, 2015.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court